# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROLE L. JECKELL,**<br>      **Plaintiff**<br>  v.<br>**CRESTWOOD AREA**<br>**SCHOOL DISTRICT,**<br>      **Defendant** | No. 3:04cv1135<br>(Judge Munley) |

## MEMORANDUM

  Two motions are before the court for disposition, Defendant Crestwood Area School District's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b)[1] and Defendant's motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a). The motions have been fully briefed and are ripe for disposition.

**Background[2]**

  Plaintiff Carole E. Jeckell applied with the defendants for the positions of high school principal and middle school principal for the Crestwood School District in August 2001. In May 2002, she applied for the position of assistant to the superintendent. With regard to each position, defendant considered the plaintiff, but ultimately hired males. Plaintiff asserts that she was qualified for the positions, and that she was not hired because of her gender. Accordingly, she filed a four-count

---

  [1]Defendant terms its motion as a motion for "judgment nov." The rule defendant refers to, however, deems such a motion as a motion for judgment as a matter of law. We will thus use this terminology in referencing defendant's motion.

  [2]These background facts are expanded upon below with citations to the record where appropriate.

lawsuit. The complaint asserts causes of action for: 1) violation of Title VII of the Civil Rights Act, gender discrimination; 2) violation of the Pennsylvania Human Relations Act, gender discrimination; 3) violation of the Pennsylvania Human Relations Act, individual liability against Defendant Geffert; and 4) violation of 42 U.S.C. § 1983, against all defendants. Prior to trial, we granted summary judgment to the defendant with regard to the claim based upon the 2001 high school and middle school principal positions as barred by the statute of limitations. (Doc. 51).

On February 20, 2007, a jury trial was commenced on the issue of whether defendant failed to hire plaintiff for the position of assistant superintendent in 2002 due to gender discrimination. The jury returned a verdict in favor of the plaintiff and against the defendant on February 26, 2007. (Doc. 113, Verdict). The jury found that defendant had discriminated against plaintiff based upon her gender in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 by failing to hire her for the assistant to the superintendent position in June 2002. (Id.). The jury awarded her $10,000.00 in compensatory damages for such things as mental pain and suffering. (Id.). Subsequently, defendant filed the two instant motions bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1983 for unlawful employment discrimination we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant

2

to 28 U.S.C. § 1367.

**Discussion**

As noted above, we have two motions before the court. We will discuss each separately.

**I. Motion for judgment as a matter of law**

The first motion filed by the defendant is a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). Rule 50 provides that after a party has been heard on an issue at a jury trial the court may order judgment as a matter of law if it finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. FED. R. CIV. P. 50(a).

Rule 50(b) involves renewing the motion after trial.

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 10 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Upon such a motion, the court may: 1) allow judgment on the verdict; 2) order a new trial; or 3) direct judgment as a matter of law.

Fed. R. Civ. Pro. 50(b).

Initially, plaintiff argues that defendant's rule 50 motion for judgment as a matter of law must be denied as defendant did not renew it at the end of the evidence and before the jury commenced deliberations. In support of this argument, the plaintiff cites to <u>Kruczek v. Borough of Lansford</u>, No. CIV.A. 3:04-CV-1179, 2006 WL 1410620 (M.D.Pa. May 21, 2006). Defendant concedes that the <u>Kruczek</u> court's holding is in favor of the plaintiff. Defendant points out, however, that since <u>Kruczek</u> was decided

3

before the trial in the instant case, the Federal Rules of Civil Procedure were amended to abolish the requirement that the motion need be renewed at the close of the evidence. After a careful review, we agree with the defendant.

The previous state of the law was set forth by the Third Circuit Court of Appeals in <u>Greenleaf v. Garlock</u>, 174 F.3d 352 (3d Cir. 1999). The court explained that: "It is well settled that a party who does not file a Rule 50 motion for judgment as a matter of law at the end of the evidence is not thereafter entitled to have judgment entered in its favor notwithstanding an adverse verdict on the ground that there is insufficient evidence to support the verdict." <u>Id.</u> at 364. At the time of this holding, the rule read as follows:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury. . . . The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment.

Fed. R. Civ. P. 50(b) (prior to 2006 amendment).

Rule 50 was amended in 2006 to allow for a motion for judgment as a matter of law at any time before the case is submitted to the jury. As long as it is raised "at any time" the movant may renew the motion for judgment as a matter of law within ten (10) days after the entry of judgment. FED. R. CIV. P. 50(b). The explanatory notes of the rule provide that the rule was amended to delete the

> requirement that a motion be made at the close of all the evidence. . . . This change responds to many decisions that have begun to move away from requiring a motion for judgment as a matter of law at the literal close of all evidence. Although the requirement has been clearly established for several decades, lawyers continue to overlook it. The courts are slowly working away from the formal

4

>            requirement.  The amendment establishes the
>            functional approach that courts have been unable to
>            reach under the present rule and make practice
>            more consistent and predictable.

Advisory Committee Notes, following Fed. R. Civ. P. 50.

Thus, this amendment to the rule changes the law as it was applied in <u>Kruczek</u> and <u>Greenleaf</u>.  A party need no longer renew a motion for judgment as a matter of law after the submission of all the evidence but before deliberations.  Accordingly, the plaintiff's argument on this point is denied.  See <u>Guarnieri v. Duryea Borough</u>, No. 3:05cv1422, 2008 WL 4132035 *3 (M.D. Pa. 2008)(explaining that the amendment under Rule 50, a party "need not raise a Rule 50 motion at the close of the evidence as per the 2006 Amendment to Rule 50(b).").

We turn then to the merits of the motion.  The Third Circuit Court of Appeals has set forth the standard of review we must follow in a motion for judgment as a matter of law as follows:

"The legal foundation for the factfinder's verdict is reviewed *de novo* while factual findings are reviewed to determine whether the evidence and justifiable inferences most favorable to the prevailing party afford any rational basis for the verdict." <u>Intermilo, Inc. v. I.P. Enterprises, Inc.</u>, 19 F.3d 890, 892 (3d Cir. 1994) (internal quotations marks omitted).  Thus, we must determine if the evidence and inferences most favorable to the plaintiff afford a rational basis for the finding that the defendant discriminated against the plaintiff due to her gender.

Defendant argues that judgment in its favor is appropriate because there was no legally sufficient evidentiary basis for a reasonable jury to find that the school district engaged in gender discrimination and the jurors clearly failed to understand key legal principles in the case as well as failed

to apply the facts to the law.

Title VII of the Civil Rights Act of 1964 provides that "[i]t shall be unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to establish employment discrimination under Title VII, a plaintiff must demonstrate that the plaintiff's protected trait "played a role in the employer's decision making process and had a determinative influence on the outcome of that process." Monaco v. American Gen. Assurance Co., 359 F.3d 296, 300 (3d Cir. 2004).[3] A plaintiff may meet this burden with either direct evidence sufficient to satisfy the requirements of Justice O'Connor's concurring opinion in Price Waterhouse v. Hopkins, 490 U.S. 288 (1989) or with indirect evidence sufficient to satisfy the three-step burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) three-step burden-shifting analysis. Id.

When attempting to establish discrimination with direct evidence, a plaintiff confronts a "high hurdle." Anderson v. Consolidated Rail Corp., 297 F.3d 242, 248 (3d Cir. 2002). The proffered evidence must demonstrate that the "decision makers placed substantial negative reliance on an illegitimate criterion in reaching their decision." Id. (quoting Price

---

[3]Plaintiff asserts that her section 1983 claims and PHRA claims have not been challenged. We disagree as the standard of review with regard to a Title VII claim of discrimination is the same for a section 1983 claim, see Stewart v. Rutgers, 120 F.3d 426, 432 (3d Cir. 1997), and a PHRA claim. Glanzman v. Metropolitan Management Corp., 391 F.3d 506, 509 n.2 (3d Cir. 2004). Therefore, our conclusion with regard to the Title VII claims shall also apply to the PHRA and section 1983 claims.

Waterhouse v. Hopkins, 490 U.S. 228 (1989)). "In other words, the evidence must reveal a sufficient discriminatory animus making it unnecessary to rely on any presumption from the prima facie case to shift the burden of production." Id.   Plaintiff has not presented direct evidence of discrimination, therefore, we will address her claims under the McDonnell Douglas analysis.

Under McDonnell Douglas, the plaintiff must first make a *prima facie* showing of discrimination. Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 352 n.4 (3d Cir.1999). A plaintiff can establish a prima facie case by showing that: (1) she is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment despite her qualifications; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d Cir.2003) (citations omitted). If the plaintiff cannot establish these elements, the defendant is entitled to judgment as a matter of law. Pivirotto, 191 F.3d at 352 n. 4.

Defendant concedes that plaintiff was able to meet the requirements of a *prima facie* case.  When the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant and requires that it produce some evidence of a legitimate, nondiscriminatory reason for the adverse employment action. Id. "If the plaintiff succeeds, the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its actions. The defendant's burden at this stage is relatively light: it is satisfied if the defendant articulates any legitimate reason for the discharge; the defendant need not prove that the

7

articulated reason actually motivated the discharge." Woodson v. Scott Paper Co., 109 F.3d 913, 920 n.2 (3d Cir. 1997) (internal quotation marks and citations omitted).  If defendant meets this burden, the burden shifts back to the plaintiff to demonstrate that the defendant's proffered reason is merely pretext for discrimination.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993).

In the instant case, the defendant asserts it has provided a legitimate non-discriminatory reason for the hiring but that plaintiff did not meet its final burden - that is, to demonstrate that defendant's legitimate non-discriminatory reason for the discharge was merely pretext for discrimination.  Defendant contends that the testimony of the school board members at trial established that the position was awarded to Richard Duffy because of his experience within and outside of the district.  This experience made Duffy better qualified for the job than plaintiff, and plaintiff's gender had nothing to do with her not being hired.  Plaintiff points out, however, that the evidence defendant provided to support its contention was all oral testimony.  The jury could very well have discredited this testimony.

Plaintiff argues that although defendant did present a reason for hiring Geffert over Jeckell, the jury could simply have discredited that reason because it was based merely on trial testimony.  If they discredited that reason, then the inference of discrimination would arise.  We agree with the plaintiff.  The Third Circuit Court of Appeals has explained as follows:

> When the defendant responds to the plaintiff's proof by offering evidence of the reason for its treatment of the plaintiff, the factfinder [here the jury] is then in a position to decide the ultimate factual issue in

8

> the case. The question facing the trier of fact as the close of the evidence in an employment discrimination case is whether the defendant intentionally discriminated against the plaintiff. In short, the factfinder must decide which party's explanation of the employer's motivation it believes.

Bhaya v. Westinghouse Elec. Corp., 832 F.2d 258, 260 (3d Cir. 1987) (internal quotation marks and citations omitted).

In the instant case, the defendant's explanation for the hiring decision was produced solely through testimony. "Evaluation of witness credibility is the exclusive function of the jury, and where the only evidence of intent is oral testimony, a jury could always choose to discredit it." Id. at 262.

It is uncontested that the plaintiff established a *prima facie* case of discrimination. Thus, the defendant agrees that the plaintiff established: (1) she is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment despite her qualifications; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. Sarullo, 352 F.3d at 797.

If the defendant's actions remain unexplained - - which they do if the jury disbelieves the testimony presented by the defendant - - the jury can infer an illegal discriminatory criterion for the decision. Bhava, 832 F.2d at 262. In the instant case, in providing all favorable inferences to the verdict winner, we can conclude that the jury disbelieved the defendant's proferred legitimate reason for failing to hire plaintiff and thus an inference of discrimination arises. Defendant's motion for judgment as a matter of law will thus be denied.

**II.  Motion for new trial**

Defendant also moves for a new trial based upon Federal Rule of

Civil Procedure 59.

Rule 59 allows the court to award a new trial "to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. . . ."

The defendant argues that the verdict is against the weight of the evidence, the court erred in allowing admission of inadmissible evidence and plaintiff's counsel continuously referred to facts that were inadmissible. We will address these issues *in seriatim*

**1.  Weight of the evidence**

Defendant first argues that the verdict was against the weight of the evidence with regard to liability and with regard to the award of $10,000 in compensatory damages.

**A.  Liability**

Defendant first argues that the verdict is against the weight of the evidence.  "[N]ew trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict , on the record, cries out to be overturned or shocks our conscience." Marra v. Phila. Hous. Auth., 497 F.3d 286, 309 n. 18 (3d Cir.2007) quoting Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1353 (3d Cir.1991).  "[t]his limit upon the district court's power to grant a new trial seeks to ensure that a district court does not substitute its 'judgment of the facts and the credibility of the witnesses for that of the jury'." Delli Santi v. CNA Ins. Companies, 88 F.3d 192, (3d Cir. 1996).

Here, as discussed above, the verdict was based upon credibility determinations made by the jury.[4]  Because such determinations were up to the jury to make, we do not find a miscarriage of justice or a shocking of the court's conscience.

### B. Compensatory damage

Defendant next argues that the jury's award of $10,000 in compensatory damages for such things as pain, suffering, inconvenience, mental anguish and loss of enjoyment of life is against the weight of the evidence.   We will deny defendant's motion.

"To recover emotional damages a plaintiff must show  a reasonable probability rather than a mere possibility that damages due to emotional distress were in fact incurred . . .."  Gagliardo v. Connaught Laboratories, Inc., 311 F.3d 565, 573 (3d Cir. 2002) (internal quotation marks omitted). We find that the plaintiff met this burden.  Expert testimony is not needed to establish that a plaintiff suffered from emotional distress.   Bolden v. Southeastern Pennsylvania Transp., 21 F.3d 29, 34 (3d Cir. 1994). C.A.3 (Pa.),1994.  Plaintiff testified at the trial that when she found out about the employment decision she was embarrassed, upset, withdrawn, and shed tears.  (Notes of Trial Testimony "N.T." Feb. 21, 2007 at 89). Additionally, plaintiff felt used, was irritable and somewhat depressed.  (Id. at 90).  In the instant case, it was for the jury to provide an amount of damages for the compensatory damages that plaintiff suffered.  Based upon the testimony provided by the plaintiff we do not find that a verdict of

---

[4]We rely in part on our analysis of the defendant's Rule 50 motion as set forth above, as the defendant relies upon his Rule 50 brief to support that the verdict was against the weight of the evidence.  (Doc. 147, Defendant's Brief in Support of its Motion for New Trial at 2).

11

$10,000 shocks the conscience of the court or is a miscarriage of justice. The motion for a new trial based on this ground will be denied.

### 2. Court Errors alleged by the defendant

Defendant next seeks a new trial on the basis that the court erred in allowing the admittance of certain evidence.   The law provides: "Unless justice requires otherwise, no error in admitting or excluding evidence-or any other error by the court or a party-is ground for granting a new trial. . . At every stage of the proceeding, the court must disregard all errors and defects that do no affect any party's substantial rights." FED. R. CIV. P. 61. In other words, the error must be prejudicial to justify granting a new trial.

In the instant case, the defendant alleges that the court erred in admitting testimony from Theodore Geffert and Plaintiff Carole Jeckell regarding defendant's prior failure to hire plaintiff as a principal.   During the summary judgment stage of this case, we granted judgment to the defendant on a claim that the defendant failed to hire her for a principalship in 2001 prior to the denial of the assistant to the superintendent position. (Doc. 51).  Summary judgment was based upon the statute of limitations. (Id.).  The trial issue was whether the defendant discriminated against plaintiff in failing to hire her for the superintendent position, not whether they discriminated against her with regard to these prior principal position applications.   Therefore, defendant argues it was improper to allow Geffert and Jeckell to discuss these matters.   We disagree.

As noted, the discrimination claim based on the failure to hire in 2001 was dismissed due to the statute of limitations.  The Third Circuit Court of Appeals has held that although a claim may be barred by the statute of limitations, that prior alleged discrimination may be used to prove a

12

subsequent claim of discrimination.  Sempier v. Johnson & Higgins, 45 F.3d 724, 730 n.5 (1995) (citing United Airlines, Inc. v. Evans, 431 U.S. 553, 558 (1977)).  Accordingly, it was not error for the court to allow testimony on the prior application.  We note, however, that those decisions were not the main subject of the trial and were mentioned very briefly.[5]  Defendant's motion for a new trial based upon this ground will be denied.

### 3.  Counsel referring to inadmissible facts

The last ground upon which defendant rests its motion for a new trial is the assertion that plaintiff's counsel made gratuitous comments and posed numerous questions that conveyed improper information to the jury.

---

[5]The defendant complains of the following testimony from Geffert:
   Q.  You would agree that [plaintiff] actually applied for principal positions and she was not selected and males were selected, correct?
   . . .
   A. Yes, male candidates who the Board thought were more qualified than Mrs. Jeckell were hired in those positions.
(N.T. Feb. 20, 2007 at 65-66).
   Defendant also complains of the following testimony from plaintiff:
   Q.  Now, why did you file this lawsuit?
   A. I had applied for positions prior to the assistant superintendent position and I was not chosen as the -
 . . .  I had applied for two positions approximately nine months prior to the assistant to the superintendent, and I was not chosen as the candidate for the two principal positions, and I was much more qualified than the two candidates that were chose in my opinion. . . .
(N.T. Feb. 21, 2007 at 77- 78).
   Further, defendant complains of plaintiff testifying that the man hired for one of the earlier positions that plaintiff had applied for lacked supervisory experience.  (Id. at 82).  The final bit of testimony from the plaintiff that defendant objects to was plaintiff indicating that in the final interviews for the principal position from 2001 included two males and one female as final candidates.  (N.T. Feb. 22, 2007 at 56).

13

Defendant's brief outlines three questions that plaintiff's counsel asked to which defense counsel.

According to the brief the court sustained the objection to the first two questions. (Doc. 147, Defendant's Brief at 8). As the objection was sustained, we find defense counsel cannot seek a new trial based upon these questions. Although the questions did contain comments, they were part of the question and the jury never heard the answers to them and thus could not have relied upon them in coming to its decision. Thus, defendant has not been prejudiced and the new trial motion based upon this argument will be denied.

The final passage that the defendant asserts justifies a new trial is the following exchange from trial:

> Q (to former board school board member): But former Board member Mike Sinco stated at a meeting, he complained that where are the total number of applicants and why aren't there any women, do you recall that?
> Defense counsel: Objection. This is a different Board.
> The Court: Overruled. She can ask the question.

(N.T. Feb. 21, 2007 at 189).

Ultimately, the witness indicated that he did not recall. (Id. at 190). We find that, even if the admittance of this evidence was in error -which the defendant does not provide any real analysis for- it is completely non-prejudicial. It is one isolated question in a five-day trial that the witness said he could not recall. Thus, we find that this ground does not support the granting of a new trial.

**Conclusion**

For the reasons set forth above, we will deny the defendant's motion for judgment as a matter of law and its motion for a new trial. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROLE L. JECKELL,** **Plaintiff** | **No. 3:04cv1135** |
| **v.** | **(Judge Munley)** |
| **CRESTWOOD SCHOOL DISTRICT and THEODORE GEFFERT, individually and as Superintendent for Crestwood,** **Defendants** | |

## ORDER

**AND NOW**, to wit, this 18th day of September 2008, the defendant's motion for judgment as a matter of law and motion for a new trial (Docs. 117 & 118) are hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**