**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROLE L. JECKELL,   **Plaintiff** | No. 3:04cv1135 |
| v. | (Judge Munley) |
| CRESTWOOD AREA<br>SCHOOL DISTRICT,<br><br>   **Defendant** | |

## MEMORANDUM

_____Before the court for disposition is the plaintiff's request for equitable relief following a trial where the jury determined that Defendant Crestwood Area School District had discriminated against Plaintiff Carole L. Jeckell in not hiring her for the position of assistant to the superintendent.   Plaintiff seeks back pay, front pay and prejudgment interest.  The court held a hearing on this matter on December 2, 2008, and the matter is ripe for decision.

**Background**

Plaintiff Carole E. Jeckell applied for the positions of high school principal and middle school principal with Defendant Crestwood School District in August 2001.  In May 2002, she applied for the position of assistant to the superintendent.  With regard to each position, defendant considered the plaintiff, but ultimately hired males.  Plaintiff asserts that she was qualified for the positions, and that she was not hired because of her gender.  Accordingly, she filed a four-count lawsuit.  The complaint asserts causes of action for: 1) violation of Title VII of the Civil Rights Act, gender discrimination; 2) violation of the Pennsylvania Human Relations Act, gender discrimination; 3) violation of the Pennsylvania Human Relations Act, individual liability against Defendant Geffert; and 4) violation

of 42 U.S.C. § 1983, against all defendants.  Prior to trial, we granted summary judgment to the defendant with regard to the claim based upon the 2001 high school and middle school principal positions as barred by the statute of limitations.  (Doc. 51).

On February 20, 2007, a jury trial was commenced on the issue of whether defendant failed to hire plaintiff for the position of assistant superintendent in 2002  due to gender discrimination.  The jury returned a verdict in favor of the plaintiff and against the defendant on February 26, 2007. (Doc. 113, Verdict).  The jury found that defendant had discriminated against plaintiff based upon her gender in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 by failing to hire her for the assistant to the superintendent position in June 2002.  (Id.).  The jury awarded her $10,000.00 in compensatory damages for such things as mental pain and suffering.   (Id.).  Plaintiff now requests equitable relief in the form of back pay, front pay and prejudgment interest.  With the agreement of counsel, we delayed ruling on these damages pending the jury's determination of liability.  Now, based upon the jury's finding of discrimination, we turn to these issues.

**Jurisdiction**

As this case is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1983 for unlawful employment discrimination we  have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Discussion**

The Third Circuit Court of Appeals has described the equitable

remedies that can be awarded to a Title VII plaintiff as follows:

> Title VII provides broad equitable discretion, which courts must exercise in light of the large objectives of the Act. The primary objective of Title VII is the elimination of discrimination in the workplace. A central purpose of Title VII relief is to make persons whole for injuries suffered on account of unlawful employment discrimination and to restore the plaintiff as fully as possible to the position he otherwise would have been in absent discrimination.

Gunby v. Pennsylvania Elec. Co., 840 F.2d 1108, 1122 (3d Cir.

1988)(internal quotation marks and citations omitted).

As noted above, plaintiff seeks back pay, front pay and interest.  We

will address each in turn.

**A.  Back pay**

Back pay is a remedy used to compensate for the past wages that

the plaintiff lost because of the defendant's discrimination.  Blum v. Witco

Chemical Corp., 829 F.2d 367, 373-74 (3d Cir. 1987).   The amount of

back pay can be determined by calculating the difference between the

wages the plaintiff would have earned absent the discrimination and the

wages that the plaintiff actually earned.

_____In the instant case, the plaintiff presented the expert testimony and

report of economist Andrew C. Verzilli, M.B.A.  He determined that the

back pay, the difference between plaintiff's actual earnings and what she

would have earned had defendant hired her, amounted to $87,300.00.

(Equitable Relief Hearing Pl. Ex. 1).  Verzilli testified regarding his report

and plaintiff's losses, and he was cross-examined by defendant's counsel.

Defendant presented no expert testimony to counter plaintiff's.   Therefore,

3

we will adopt the amount offered by Verzilli and award plaintiff $87,300.00 in back pay.[1]

## B. Prejudgment interest

The award of prejudgment interest is left to this court's discretion. The rate of prejudgment interest is also left to our discretion. <u>Sun Ship, Inc. v. Matson Navigation Co.</u>, 785 F.2d 59, 63 (3d Cir. 1986). We find that an appropriate calculation of prejudgment interest can be found by using the rate of interest applied to post judgment interest. The law provides that such interest is calculated "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). This amount for February 23, 2007, the Friday preceding the judgment, is 5.05%.[2] To calculate the interest then we multiply the back pay $87,300.00 by the interest rate, 5.05%. The total interest equals $4408.65. We will thus award $4408.65 in prejudgment interest.

––––––––––––––––––

[1]Defendant argues that the person hired by Crestwood instead of plaintiff received a salary of $83,000.00 in September 2002. At the time, Plaintiff Jeckell worked at North Pocono School District at a salary of $68,900.00. The difference is $14,100 per year. Therefore between the time of the decision not to hire plaintiff and the trial, the loss of earnings was only $64,800. We find defendant's argument unconvincing. Defendant merely presents these numbers in its brief with no citation to the record and presented no pertinent  testimony at the equitable relief hearing.

[2]This figure is found at the Federal Reserve's website, http://www.federalreserve.gov/releases/H15/data/Weekly_Friday_/H15_TCMNOM_Y1.txt

### C.  Front pay

Front pay is used to make the plaintiff whole for future expected losses.  Blum, 829 F.2d at 374.[3]  In keeping with purpose of Title VII relief, that is, to make the plaintiff whole, the amount of front pay is determined by subtracting the amount that the plaintiff is earning from the amount she would have been earning had she been hired by the defendant.  At the equitable relief hearing, Verzilli testified that plaintiff's lost future wages, or front pay, amounted to $238,000 to $248,300.  Once again, defendant presented no evidence to the contrary.  As plaintiff presented evidence that plaintiff will suffer these losses due to defendant's discrimination, we find it appropriate to award plaintiff front pay in an amount in the middle of the range provided by Verzilli, or $243,150.00.[4]

### Conclusion

We find the testimony of plaintiff's expert witness to be convincing on the issue of back pay and front pay.  We also find it appropriate to award prejudgment interest on the back pay award.  Thus, we award the plaintiff the following equitable relief: $83,700.00 in back pay; $4,408.65 in

---

[3]Normally, in an employment discrimination case where a plaintiff has been terminated, the court may consider reinstatement of the plaintiff to the position from which she was terminated.   The instant case, however, is a failure to hire claim, and the position is currently filled by someone else. Thus, we consider front pay in lieu of reinstatement or placement in position.

[4]Once again in its brief, defendant merely makes factual statements with no citation to the record and calculates front pay to be much lower than plaintiff's expert. (Doc. 129 at 4).   We find plaintiff's expert more convincing on the issue.

prejudgment interest; and $243,150.00 in front pay.[5]   An appropriate order follows.

---

[5]Defendant argues that equitable relief is inappropriate except where the plaintiff has established that she would have received the position absent the discrimination.  Defendant proceeds to argue that in the instant case, the record is clear that Duffy's qualifications were the deciding factor in his attaining the position instead of plaintiff.  We find no merit to this argument.  The jury found that the defendant discriminated against the plaintiff based upon her gender when it failed to hire her.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CAROLE L. JECKELL,** | :     **No. 3:04cv1135** |
| **Plaintiff** | : |
| | :     **(Judge Munley)** |
| **v.** | : |
| | : |
| **CRESTWOOD AREA** | : |
| **SCHOOL DISTRICT,** | : |
| | : |
| **Defendant** | : |

## ORDER

     **AND NOW**, to wit, this 3rd day of December 2008, we award the following equitable relief to the plaintiff:

    1) Back pay in the amount of $83, 700.00.

    2) Front pay in the amount of $243,150.00.

    3) Prejudgment interest in the amount of $4,408.65.

    The Clerk of Court is directed to enter a second judgment to reflect this equitable relief.

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**